IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALPHONSO HOWARD, TIA
CARTER, and their three minor
children

                      Plaintiffs,

   v.

THE CITY OF ATLANTA,
SHIRLEY FRANKLIN, in her
official capacity as the Mayor of
Atlanta, and the ATLANTA
POLICE DEPARTMENT,

                   Defendants.

1:07-cv-0785-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Compel Discovery [2], Defendant City of Atlanta's Motion to Dismiss [3], and Plaintiffs' Motion to Remand [7].

## I.     BACKGROUND

On December 6, 2006, Plaintiffs filed a complaint in the Superior Court of Fulton County alleging that Atlanta police officers committed various acts of misconduct during a forced entry to Plaintiffs' home (the "Complaint"). The Complaint alleges that the officers submitted false testimony to obtain a search

warrant for Plaintiffs's residence, trespassed without a lawful warrant, engaged in lewd behavior towards Plaintiff Tia Howard, committed false arrest and battery, falsely imprisoned Plaintiffs, violated Plaintiffs' rights under the United States Constitution, and intentionally inflicted emotional distress.  Defendants were served with the Complaint on December 7, 2006.

On March 2, 2007, Defendants filed a motion to dismiss in the Fulton County Superior Court, claiming that the City of Atlanta and the Atlanta Police Department were protected from suit by qualified or official immunity.  On March 15, Plaintiffs, in response, claimed that the Defendants were liable under 42 U.S.C. § 1983 for implementing a policy of disregarding the rights of citizens.  On March 27, 2007, Plaintiffs filed an amendment to the Complaint ("Amended Complaint") adding new claims for breach of ministerial duty.  On April 9, 2007, Defendants filed a notice removing the case to this Court.  On April 13, 2007, Plaintiffs filed a motion for remand, arguing that Defendants' Notice of Removal was untimely.  In response, Defendants argue that Plaintiffs' March 15, 2007, response to their motion to dismiss before the Fulton County Superior Court was the first mention of possible federal claims in this case, and thus the April 9, 2007 notice of removal was timely.

## II.    DISCUSSION

The procedure for removal is governed by 28 U.S.C. § 1446.  The statute states, "[t]he notice of removal of a civil action or proceeding *shall be filed within thirty days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ."  Id. at § 1446(b) (emphasis added).  If the complaint or initial pleading does not state a removable claim, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  Id.  When a plaintiff challenges removal, the defendant bears the burden of showing that removal was proper. Cligan v. Celtric Life Ins. Co., 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003).

Removal statutes must be construed "strictly," with "all doubts . . . resolved in favor of remand to state court."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  The intent of Congress in drafting the removal statute was "to obtain the earliest possible removal of the action to the Federal Court after receipt, by the defendant, of notice of the State proceeding, the nature of it, the issues involved and the parties involved so that, with this information, the

defendant can determine the removability of the action." Int'l Equity Corp. v. Pepper & Tanner, Inc., 323 F. Supp. 1107, 1109 (E.D. Pa. 1971). Accord Lazuka v. Fed. Deposit Ins. Corp., 931 F.2d 1530, 1537 (11th Cir. 1991) ("The time limit begins to run [with] . . . "the first paper that informs the [defendant] that the case is removable."). The time period for removal begins to run from the date "it may first be ascertained that the case is one which is or has become removable." Id. at 1110. See also 28 U.S.C. § 1446(b). This standard is objective, and asks when removability could be "intelligently ascertained." Mendez v. Centroal Garden & Pet Co., 307 F. Supp. 2d 1215, 1221 (M.D. Ala. 2003). See also, Lazuka, 931 F.2d at 1537. Defendants are not required to "guess" at removability. Mendez, 307 F. Supp 2d at 1221.

To allege a federal question, a complaint must allege "a violation of constitutional rights or a right created under a federal law." Ware v. Fleetboston Financial Corp., 180 Fed. App'x 59, 63 (11th Cir. 2006). The Court determines the existence of a federal question by whether the complaint, on its face, states a "well-pleaded" federal claim. Caterpillar v. Williams, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Lamar Co.,

L.L.C. v. Baldwin County Comm'n, ___F.3d___, 2007 WL 987478, *2 (S.D. Ala., March 29, 2007).  To determine whether a federal question exists, the Court must examine "whether a federal claim is necessarily presented by the plaintiff . . . ."  In re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980).  A well-pleaded complaint does not need to allege a specific cause of action under a federal statute, so long as a "right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action."  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164 (1997) (citation and quotation omitted).

A.     Federal Claim

Defendants argue that the case did not become removable until March 15, 2007, when Plaintiffs specifically claimed a cause of action under 42 U.S.C. § 1983 in their response to Defendants' motion to dismiss.  Defendants argue that the original Complaint alleged liability for the City of Atlanta and the Atlanta Police Department only under a theory of respondeat superior.

Section 1446 required Defendants to remove the case within 30 days of the date where they could first ascertain that Plaintiffs raised a federal question.  The Complaint served on December 7, 2006, gives clear notice that a federal question is

at issue in the suit.  The Complaint specifically bases Count Six on the violation of

rights guaranteed by the United States Constitution, including the Fourth

Amendment right to be free from unreasonable searches and seizures.  (Compl. at ¶

38.)   A "right . . . created by the Constitution" is "an element, and an essential one,

of the plaintiff's cause of action."  City of Chicago, 522 U.S. at 164.  The

Complaint thus raises a well-pleaded federal question.  Further, the Complaint

provides specific notice that it seeks to hold the City of Atlanta and Atlanta Police

Department accountable not only for the acts of their agents through respondeat

superior, but also for their own actions and policies.  The Complaint states:

> Despite the fact that [the City of Atlanta and Atlanta
> Police Department] knew or should have known of the
> fact that this pattern of [Constitutional violations] was
> being carried out by their agents and employees, the
> Police Department, and the City of Atlanta has [sic] taken
> no steps or efforts to order a halt to this course of conduct
> . . . or to take any disciplinary action whatsoever against
> any of their employees or agents and defendants [and]
> have in fact praised and commended their agents and
> employees, such praise having the effect of encouraging
> their agents and employees to continue this pattern of
> conduct.

(Compl. at ¶ 40.)

The Complaint does not refer to § 1983 specifically, but provides notice that

Plaintiffs seek to hold the City of Atlanta and the Atlanta Police Department for

policies, practices, or negligent supervision that violate rights guaranteed by the

the United States Constitution–the essence of a § 1983 claim.  The removability of

the case was easily–ascertainable on December 7, 2006, the date the Complaint

was served.[1]  Defendants April 9, 2007 Notice of Removal was thus untimely.

      B.    <u>New Defendants</u>

Defendants next argue that remand is improper because the Amended

Complaint adds two new defendants, Officer Gregg Junnier and Sergeant Wilbur

Stallings.  Defendants argue that the addition of these new defendants operates to

extend the time period for removal.

After carefully reviewing the Amended Complaint, it does not appear to the

Court that Plaintiffs seek to add Officer Junnier or Sergeant Stallings as defendants

to the case.  The Amended Complaint purports only to add a new count to the

Complaint.  No portion of the Amendment Complaint mentions adding new

---

[1]  Defendants devote substantial portions of their brief to arguing that Plaintiffs' Complaint is insufficient to state a § 1983 claim.  Defendants appear to argue from the presumption that a "well-pleaded complaint" must, in addition to stating a right created by federal law, also be sufficient to survive a motion to dismiss under Rule 12(b)(6).  Defendants do not present any authority for this novel proposition, and the Court is not aware that any exists.  Whether Plaintiffs' federal constitutional claims are sufficient to survive a motion to dismiss is a separate question from whether the Complaint pleads federal constitutional claims at all.

parties.  The caption styling of the Amended Complaint and of Plaintiffs'

subsequent filings with the Court do not list Junnier or Stallings as defendants.

Even if Junnier and Stallings are defendants in this case, neither of them has

filed a notice of removal.[2]  The Court must be careful to avoid advisory opinions

concerning issues for which no "case or controversy exists."  BankWest, Inc. v.

Baker, 446 F.3d 1358, 1363 (2006). "[T]he characteristic of the advisory opinion"

is that the order is "purely advisory when it is made and did not pass through the

refining pressure of reality."  Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1560

(11th Cir. 1988).  Conditional rulings, other than those permitted by the Federal

Rules, are generally advisory.  See id.

There is no live case or controversy regarding whether Junnier and Stallings,

if they are even defendants in this case, are entitled to remove.  Any ruling

concerning their ability to remove would necessarily be conditional, and thus

advisory.

---

[2] Defendants argue that Junnier and Stallings have not filed removal notices because they have not been served.  The Court suspects that they have not filed because they are not defendants in the case.  Even if they are defendants, the reason they have not yet filed a notice of removal is immaterial to the present motion.

The only matter before the Court are whether Defendants City of Atlanta, Atlanta Police Department, and Shirley Franklin in her official capacity as Mayor of Atlanta are entitled to removal.  The Court finds that they are not.

## III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** Plaintiffs' Motion to Remand [7] is **GRANTED**.  The Clerk of Court is **DIRECTED** to remand this case to the Superior Court of Fulton County.  The Court does not decide Plaintiffs' Motion to Compel Discovery [2] and Defendant City of Atlanta's Motion to Dismiss [3].  Those motions are reserved for consideration by the Fulton County Superior Court.

**SO ORDERED** this 25th day of October, 2007.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE